**IN THE WESTERN DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **PATRICK JAMES SMITH** | ) | |
| **Plaintiff** | ) | |
| **V.** | ) | **Civil Action No. ______________** |
| **OFFICER ALFRED A. GONZALES,**<br>**OFFICER FELIPE RAMOS,**<br>**SAN ANTONIO CHIEF OF POLICE**<br>**WILLIAM MCMANUS,**<br>**CITY OF SAN ANTONIO** | ) | |
| **Defendants** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. PATRICK JAMES SMITH, Plaintiff herein brings this action for compensatory damages, punitive damages against Defendants Officer Alfred A. Gonzales, ("Defendant Gonzales") Officer Felipe Ramos, ("Defendant Ramos"), San Antonio Chief of Police William McManus, ("Defendant McManus"), City of San Antonio, ("Defendant City"), individually and in their official capacities because Defendants, jointly and severally, denied Plaintiffs the civil rights and civil liberties guaranteed them by the Constitution and laws of the United States.

2. Plaintiff was subjected to intentional, grotesque and humiliating excessive force, physical beatings and "Tasered" by Defendants Gonzalez and Defendant Ramos multiple times. The Plaintiffs' statements provide a graphic eyeshot view of the pattern and practice of these officers propensity to punish citizens who apparently are at the wrong place at the wrong time. But for such actions as herein described, citizens would never see how police reacts sometimes and how, "the law become the lawless." Law abiding citizens and the community, except the victims, rarely ever see the criminal, cruel and unusual conduct of deputies who are entrusted the authority and responsibility "to serve and protect" punish and brutalize citizens for their own personal satisfaction and exhibit of authority entrusted to them.

3. The visual images of this horrifying incident, as further described by the plaintiffs and eyewitnesses, pictures and video of the injuries, not only reveal the officers random, unprovoked and unauthorized acts, but also, they provoke a stark, unabashed look at the unconstitutional policies, customs and practices of Defendant City and its Defendant McManus and their failure to train its officers. It was precisely these failure to train, and unconstitutional policies, customs and practices which then amounted to deliberate indifference and motivated and/or incited the deputies to callously disregard one of American society's well-established and basic principles of civil rights and civil liberties - the freedom from brutal and violent excessive force performed under the color of law with the intent to punish.

4. Even more disturbing, this matter, as evidence by identifiable and quantifiable, insidious customs, patterns and policies of administrative corruption by Defendant City through its Chief of Police Defendant McManus, indicates the municipal government's calculated and callous disregard for the rights and privileges guaranteed all United States citizens and citizens of the City of San Antonio. The conduct described here (and in other similar cases before this Court,) we believe is strong evidence of a situation of endemic corruption at the administrative levels of the Police Department and /or within those governmental bodies, city and/or state, with oversight duties as to the Department's operations.

5. Defendants caused, severally and collectively, through custom and a pattern, practice and policy of the use of excessive force and the propensity to cover-up such actions, the dehumanizing physically painful, injurious and emotionally debilitating incident which forms the basis of this lawsuit. The recognition, affirmation and vindication of the Plaintiffs' civil rights and civil liberties as citizens of City of San Antonio, and the United States of America are sought by this action so as to dispel any future notions by Defendants that the Plaintiffs, or any other Americans and citizens, can be so callously brutalized and punished and denied their civil rights and civil liberties in contravention of federal constitutional rights and laws.

6. This case is about protection of a class of individuals that society has sought to take care of, because of their inability to do so for themselves until the last few decades. The African-American. Chief McManus' failure to supervise and train his officers amounted to deliberate indifference towards Plaintiff's constitutional rights. It was the police of the Police Department

to tased individuals even without asking whether they have a cardiac condition.

7. Plaintiff seek compensatory and punitive damages, to which he is entitled by law, in redress for his debilitating and permanent injuries sustained by him resulting from the illegal actions of all Defendants.

**JURISDICTION AND VENUE**

8. Jurisdiction is conferred on the Court by 28 U.S.C. § 1331 and § 1343 . The recovery of damages are authorized by 42 U.S.C. §§1981, 1983, 1985(3) and 1988.

9. Venue is proper in this district because the Defendants are residents of or have his official offices in the Western District of Texas. Additionally, all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

**PARTIES AND SERVICE**

10. Plaintiff, PATRICK JAMES SMITH, is an Individual whose address is 6230 Candle meadow, San Antonio, Texas 78244.

11. Defendant ALFRED A. GONZALES, an individual, is a resident of the State of Texas. Said Defendant may be served with process through the Office of the City Clerk, registered agent for service of process at 100 Military Plaza, San Antonio, Texas 78205. Service of said Defendant as described above can be effected by personal service.

12. Defendant FELIPE RAMOS, an individual, is a resident of the State of Texas. Said Defendant may be served with process through the Office of the City Clerk, registered agent for service of process at 100 Military Plaza, San Antonio, Texas 78205. Service of said Defendant as described above can be effected by personal service.

13. Defendant SAN ANTONIO CHIEF OF POLICE, WILLIAM MCMANUS an individual, is a resident of the State of Texas. Said Defendant may be served with process through the Office of the City Clerk, registered agent for service of process at 100 Military Plaza, San Antonio, Texas 78205. Service of said Defendant as described above can be effected by personal service.

14. Defendant CITY OF SAN ANTONIO, an entity based in Texas, is organized under the laws of the State of Texas and service of process may be effected upon said Defendant by serving Office of the City Clerk, registered agent for service of process at 100 Military Plaza,

San Antonio, Texas 78205. Service of said Defendant as described above can be effected by personal service.

15. All above delineated Defendant officers are sued individually and in their official capacities as police officers of City of San Antonio. At all times material hereto, Defendant officers were acting as agents and representatives of City of San Antonio in the performance of duties as police officers.

**FACTS**

16. On July 12, 2008, Plaintiff was on his way to get a new "starter" from Auto Zone for his son because his car was not properly working, since this was the only Auto Zone opened 24 hours. San Antonio Police Department Tactical Response Unit officers Alfred A. Gonzales, badge # 945, and Felipe Ramos, unknown badge number targeted ***(Racial Profiled)*** Mr. Patrick J. Smith while traveling east on SW Military near Commercial Ave. Officers Gonzales and Ramos allegedly noticed Plaintiff's license place not illuminated as well as Plaintiff playing music loudly **(emphasis added).**

17. Officers Gonzales and Ramos decided to follow Patrick J. Smith. Officer Gonzales states in his report that "he observed Mr. Smith making quick furtive (sic) movements while bringing the vehicle to a stop." He also indicated that Mr. Smith appeared nervous once commanded to get our of the car. Prior to the stop by the officers, Plaintiff was awaiting to make a left turn to subsequently get into the parking lot of Auto Zone. Plaintiff was driving his sleekly restored 1994 Chevi Caprice which has chromed rims a shiny new coat of paint.

18. Ramos and Gonzales reached for their Tasers when Plaintiff (who has a very muscular build and wide stature) allegedly removed his hands from pockets and took an aggressive stance. Without provocation, officers commenced to tased Patrick J. Smith and deployed his tasers numerous times even though Mr. Smith made no sudden moves or threatening gestures to the Officers. Officer Gonzales indicated to Mr. Smith that " I am going to shoot you," when Paintiff heard those words, he taught that his life was going to be over.

19. Plaintiff felt fear for his life and began to flee from the situation and ran into a public location in order to protect his own life since Officers were in the an aggressive mode. Plaintiff was running towards Auto Zone and Officers continued to Taser Plaintiff even inside

the store. The brutal beatings were caught on tape by the Auto Zone store and are strong indicators that the attacks on Plaintiffs were coward and unwarranted.

20. Plaintiff, Patrick Smith, a 39 year old with a cardiac medical conditions, was powerfully overtaken by officers Gonzales and Ramos and unidentified witness and received multiple baton strikes to his torso and legs after being tasered.

21. Defendants caused, severally and collectively, through custom and a pattern, practice and policy of the use of excessive force and the propensity to cover-up such actions, the dehumanizing physically painful, injurious and emotionally debilitating incident which forms the basis of this lawsuit. The recognition, affirmation and vindication of the Plaintiffs' civil rights and civil liberties as citizens of City of San Antonio, and the United States of America are sought by this action so as to dispel any future notions by Defendants that the Plaintiffs, or any other Americans and citizens, can be so callously brutalized and punished and denied their civil rights and civil liberties in contravention of federal constitutional rights and laws.

22. San Antonio Police Department, Chief of Police William McManus and the City of San Antonio have been issuing tasers to officers without the proper training and supervision and without following the guidelines put forth by the manufacturers of the Taser Guns. Officers without training were in possession of tasers at the police department, which resulted in innocent people been in danger of losing their lives. The City of San Antonio, Chief of Police Williams McManus, and the San Antonio Police Department allowed officer Gonzales to show disregard for people's rights.

23. Due to the lack of supervision and training, officers in the department can show "delusions of grandeur" when dealing with families of color. By not training them properly and supervising them while on duty, officers are running a mockery of the San Antonio Police Department and the City of San Antonio. The officers of the San Antonio Police Department used excessive force in the course of effectuating Plaintiff's arrest, and it was not condoned by their regulations.

24. Officers actions were not objectively reasonable under the circumstances. The use of non-violence should have been implemented in this case, instead Mr. Smith has suffered physical and emotional injuries. Mr. Smith's constitutional rights were violated and now fears for

his life anytime he in the presence of any office of the law.

25. Even if the San Antonio Police Department's policy were valid; nevertheless were unconstitutionally applied by its employee. The Department knows to a moral certainty that police officers will have to perform certain duties but they have failed to provide the officers with proper training given the task to be performed. Moreover, Chief of Police McManus had knowledge that the Police Department was not acting according to the guidelines established by the gun manufacturers but still issue taser guns to his officers. This is a well known custom by the Police Department which has ben ratified by its police chief. There is no policy as to the usage of taser guns to determine which type of individuals should not be tased, specially those with conditions such as Plaintiff.

26. Plaintiff seeks compensatory and punitive damages, to which he is entitled by law, in redress for his debilitating and permanent injuries sustained by them resulting from the illegal actions of all Defendants.

## ALLEGATIONS

27. As a result of the above and foregoing conduct of Defendants, Plaintiff suffered, and continue to suffer, great mental anguish, anxiety, humiliation and severe and permanent physical and emotional injuries to his body, accompanied by excruciating pain and suffering. The emotional injuries include but or not limited to nightmares, sleeplessness, seizures, insomnia, and constant fear of experiencing other beatings and threat of loss of life requiring therapy.

28. At the time and place as above stated, the Defendants Gonzalez and Ramos were acting in their official capacities as police officers of the City of San Antonio, and by their intentional acts, under the color of authority, and official oppression, violated the civil rights of and caused injury to detainees and deprived Plaintiff of his constitutional rights under the Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C. §§1981 and 1983 and 1985(3) and 1988.

29. At the time of the event in question, Chief of Police McManus, through its intentional acts of malfeasance, omissions, neglect, and failure to train, deprived Plaintiff of his constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the

Constitution of the United States and under 42 U.S.C. §§1981, 1983 and 1985(3), and 1988, or alternatively, Chief of Police McManus was guilty of common law negligence proximately resulting in the injuries and damages sustained by Plaintiff.

30. Defendants City of San Antonio is guilty of negligence in the hiring, training, supervising and maintaining public servants of the quality and character of the Defendant officers. Defendants City of San Antonio and Chief McManus are guilty of promulgating regulations, ordinances and policies that allowed Defendant Officers to disregard Plaintiff's constitutional rights. More specifically, allowing untrained, unsupervised, and unquallified officers usage of taser guns. Defendants City of San Antonio and Chief McManus are grossly negligent in entrusting deadly firearms and weapons and the keeping of the peace to such persons, and placing them in positions where they can create and cause such deprivation of rights and liberties and endanger citizens they are by oath and employed to protect. This negligence proximately caused the injuries and damages complained of by Plaintiff.

31. As a result of the violation of Plaintiff's civil rights and civil liberties, as herein set out, and the wanton, reckless and wrongful disregard of their safety and reputation by action of Defendants herein, Plaintiff suffered sever anxiety, mental anguish, physical injuries, humiliation, charges for medical treatment, present and future, as well as mental pain and suffering. As a result thereof, the Defendants are jointly and severally bound and liable to Plaintiff herein in the sum of not less than Twelve Million ($12,000.000.00) Dollars for which sum Plaintiff respectfully pray.

32. Plaintiff's detainment was accompanied by violence and force far in excess of that necessary to effect such detainment, resulting in severe and painful permanent injuries being sustained by Plaintiff.

33. Defendants City of San Antonio and Chief McManus are liable for the conduct of the Defendant officers while acting within the course and scope of their employment. Defendants City of San Antonio and Chief McManus instituted, authorized, ratified, and/or approved the conduct exhibited by the Defendant officers. Such conduct constituted the deprivation of the civil rights and civil liberties of the Plaintiff. Additionally, Defendants City of San Antonio and Chief McManus instituted policies which create and created a climate in which

the type of violent, brutal and abusive behavior exhibited by said Defendant officers was allowed to occur. Chief of Police, in effect, ratified and approved such violent behavior by its officers by failing to take appropriate disciplinary measures and by ignoring abusive conduct on the part of its officers, both prior to the event and thereafter. Additionally, the Defendants City of San Antonio and Chief McManus ratified and failed to condoned the abusive and violent behavior of its Police Department and its Defendant officers by failing to institute appropriate disciplinary systems and by allowing this abusive and violent brutality to go unpunished and by allowing such violent officers to remain on the police force and by failing to institute appropriate disciplinary systems and by allowing this abusive and violent brutality to go unpunished. Additionally, the official policy authorizing, ratifying, allowing and/or approving such violent and abusive conduct which is so common and settled so as to constitute a custom that fairly represents municipal policy.

34. As a direct causal result of the detainment and injuries, Plaintiff suffered severe and excruciating pain, injuries to his body, both mental and physical, causing economic and medical and other costs, and will, in all probability, continue to suffer damages in the future as a result of the conduct of Defendants.

35. As a causal result of the Defendants' illegal actions, Plaintiff was transported to the hospital for emergency treatment for his severe injuries.

35. As a direct causal result of the Defendants' illegal actions, Plaintiff required to employ the legal services of The Baez Law Firm, P.C., for the prosecution of his claims against all defendants, jointly and severally, claim for which is made and authorized by law.

36. As a direct casual result of the Defendants' illegal actions, Plaintiff was charged with criminal conduct, to wit:

(a.) Plaintiff

1. Felony of Serious Bodily Injury and Interfering with the Duties of a Public Official

37. To gain release from prison, Plaintiff has not been able to post bond in the amount set for by the court, which is excessive, to his financial damage, claim for which is made.

38. The charges filed against Plaintiff were fabricated and false and said charges

resulted from the filing of falsified police reports by the police officer defendants resulting in prosecution by City of San Antonio and Bexar County, said conduct being malicious.

39. As a direct causal result of the Defendants' illegal actions, Plaintiffs have in criminal defense costs estimated to be at least $25,000 to defend them against said malicious, punitive and prosecutable charges. Claim for said damages are here made.

**DECLARATORY JUDGMENT**

40. Plaintiff, on behalf of the citizens of Bexar County and City of San Antonio, seek a declaratory judgment that Bexar County Chief's Citizen Review Board and the procedures of the City of San Antonio Police Office of Internal Affairs be declared unconstitutional as said procedures do not allow a internal affairs complainant to have counsel present during the Chief’s Citizen Advisory Review Board interrogation of a complainant while at the same time a city attorney is present on behalf of the Chief of Police, the City and the officer upon whom the complaint is made. This circumstance violates the due process and equal protection clause of the FORTEENTH AMENDENT. The Chief's Citizen Advisory Review Board is a defunct process that acts in complicity with and is a mere tool of Bexar County and City officers rather than a fair institutional structure providing a fair and responsive process for the citizens of Bexar County and the City of San Antonio.

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**

41. The allegations contained in Paragraphs 1 through 40 are incorporated here by reference, the same as if fully set forth verbatim.

42. **42 U.S.C. §1981.** Defendants, jointly and severally, intentionally an or recklessly denied the Plaintiff the full and equal benefit of all laws, including due process, and proceedings for the security of person and property as is enjoyed by white citizens, includin the right to be free from unlawful seizure, due process, and cruel and unusual punishment purl ant to the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, to plaintiff’s damages as alleged herein.

43. All such acts were performed against the Plaintiff on the basis of his race, national origin, ethnicity, and or minority status.

## SECOND CLAIM FOR RELIEF

44. The allegations contained in Paragraphs 1 through 40 are incorporated herein by reference the same as if fully set forth verbatim.

45. **42 U.S.C. §1983.** Defendants, acting under color of state law, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, by performing the following acts:

a. Subjecting plaintiff to physical beatings and unreasonable excessive force and great bodily injury;

b. Interfering with plaintiff's rights to seek redress for their injuries by covering up law enforcement misconduct and filing false police reports.

c. Detaining plaintiff without reasonable suspicion;

d. Arresting plaintiffs without probable cause and in an unreasonable manner; and

e. Falsely imprisoning plaintiff.

46. All such acts were performed against the Plaintiff on the basis of his race, national origin, ethnicity, and or minority status.

## THIRD CLAIM FOR RELIEF

47. The allegations contained in Paragraphs 1 through 40 are incorporated herein by reference the same as if fully set forth verbatim.

48. **42 U.S.C. §1985(3).** Defendants, two or more of them, conspired with a witness or **witnesses** for the purpose of:

a. Depriving plaintiff of equal protection of the law;

b. Depriving plaintiff of due process of law; and

c. Hindering, the constituted authorities from giving or securing equal protection and due process of law to all persons on the basis of race of his heritage, national origin, ethnicity, and or minority status, all to plaintiff's damage as alleged herein.

49. All such acts were performed against the Plaintiff on the basis of his race, national

origin, ethnicity, and or minority status.

**FORTH CLAIM FOR RELIEF**

50. The allegations contained in Paragraphs 1 through 40 are incorporated herein by reference the same as if fully set forth verbatim.

51. **42 U.S.C. §1988.** Applicability of Statutory and Common Law.

a. The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

b. In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for

any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

**c.** In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, PATRICK JAMES SMITH, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

THE BÁEZ LAW FIRM, P.C.

*/s/ Edgardo R. Báez*
By:_______________________

Edgardo R. Baez
Texas Bar No. 24048334
Richard Fowler
Texas Bar No. 24057439
1100 NW Loop 410, Suite 365
San Antonio, Texas 78213
Tel. (210)979-9777
Fax. (210)979-9774

**PLAINTIFF HEREBY DEMAND TRIAL BY JURY**